**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone:   (702) 382-0711
Facsimile:   (702) 382-5816

Candice E. Renka #264375

**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California  93720
Telephone:   (559) 233-4800
Facsimile:   (559) 233-9330

Patrick D. Toole #190118
Dylan J. Crosby #299536

Attorneys for:      Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| MARY E. TYE, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>        vs.<br><br>GLOBAL TRAVEL INTERNATIONAL, INC., a Florida corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                Defendant(s) | Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff MARY E. TYE (hereinafter "Plaintiff") by and through her attorneys of record, the law firm of Marquis Aurbach Coffing and the law firm of Wanger Jones Helsley, PC, alleges and complains as follows:

## JURISDICTION

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 under the federal question doctrine because Plaintiff brings her claims pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

{8110/035/00591942.DOCX}

2.      This Court has personal jurisdiction over the Defendant because the Defendant made a telemarketing call to Plaintiff's wireless phone using an automated telephone dialing system ("ATDS") or a prerecorded voice, and Plaintiff resides in Sacramento, CA, in the Eastern District of California.

3.      Defendant conducts business in California and is registered with the California Secretary of State.

4.      Venue properly lies in this court under 28 U.S.C. § 1391(b)(2) because the Eastern District of California is the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated because Plaintiff is a resident of Sacramento, CA, in the Eastern District of California, and received the telemarketing call using an ATDS or prerecorded voice on her wireless phone while in Sacramento.

## PARTIES

5.      Plaintiff Mary E. Tye is and was at all times relevant herein, a resident of Sacramento, California.

6.      Defendant Global Travel International, Inc. ("GTI") is and was at all times relevant herein, a Florida corporation doing business in California and registered with the California Secretary of State.

7.      The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed.  Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

///

///

///

{8110/035/00591942.DOCX}

CLASS ACTION COMPLAINT AND JURY DEMAND

1

## NATURE OF THE CASE

2
3
4
5

8.     This is a proposed class action brought on behalf of consumers that received telemarketing calls to their wireless phones made using a prerecorded voice and/or an ATDS by or on behalf of Defendant, for which calls the Defendant never obtained express, written consent from the consumers.

6
7
8

9.     Plaintiff alleges that Defendant's use of a prerecorded voice or an ATDS to make telemarketing phone calls to consumers' wireless phones without prior express, written consent violates the TCPA.

9
10
11

10.     The TCPA, as interpreted by Federal Communications Commission ("FCC") prohibits the use of a prerecorded voice or an ATDS to make telemarketing calls to consumers' wireless phones unless the consumer has provided express, written consent.

12
13

11.     Plaintiff brings this action in her individual capacity and on behalf of the class of persons similarly situated, as defined below.

14

## GENERAL ALLEGATIONS

15
16

12.     "GTI is a privately owned, Orlando, Florida-based travel company."   See http://globaltravel.com/about.

17

13.     "GTI has surpassed $125 million in annual sales."  Id.

18
19

14.     "GTI has tens of thousands of Independent Travel Agents in 50 states and 85 countries."  Id.

20
21

15.     Plaintiff received two calls to her personal wireless phone, the number to which is XXX-XXX-6706.

22

16.     Plaintiff has had this wireless phone number since in or about 1997.

23
24

17.     The calls were both from 208-261-3060 and received one immediately after the other on or about May 24, 2015 at approximately 6:28 p.m.

25
26

18.     Plaintiff answered one of the calls and heard a prerecorded voice message stating that it was Lisa with Reward Redemption, that Plaintiff had visited an affiliate's website, that Plaintiff was eligible for a $100 gift card, and that Plaintiff could press "1" to

27
28

{8110/035/00591942.DOCX}

speak to a representative to claim the gift card or press "2" to be placed on their do not call list. Plaintiff hung up.

19.     Upon information and belief, the call was made using an ATDS because it would not be economical or efficient to have a live person individually dial phone numbers only to play a prerecorded voice message, suggesting that the call was made using equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

20.     Plaintiff did not provide her wireless phone number to GTI.

21.     Plaintiff did not provide GTI consent to contact her on her wireless phone.

22.     Plaintiff did not provide GTI express written consent to receive telemarketing calls using a prerecorded voice or an ATDS to her wireless phone.

23.     The phone number that called Plaintiff belongs to Valu-Pass.

24.     The domain name valu-pass.com is registered to Defendant GTI, 2600 Lake Lucien Drive, Maitland, Florida 32751.

25.     GTI is also the registrant for several other websites including globaltravel.com, gticorporate.com, journeypass.com, gtimembership.com, and infovpass.com.

26.     Upon information and belief, GTI is making advertising and telemarketing calls to consumers' wireless phones using a prerecorded voice or an ATDS on behalf of or in relation to the above referenced websites or the businesses related to the above referenced websites.

27.     Upon information and belief, GTI uses a prerecorded voice or an ATDS to call consumers' cell phones, once the consumer answers the call, a prerecorded voice tells the consumer that the consumer has won a free gift card or a free trial, after which GTI attempts to sell consumers products.

28.     The call contained an advertisement because it advertised the commercial availability or quality of any property, goods, or services.

29.     The call contained telemarketing content because it was for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

{8110/035/00591942.DOCX}

30.     Defendant knew or should have known that it did not have the prior express, written consent of Plaintiff or any other members of the class to use a prerecorded voice or an ATDS to make telemarketing calls to their wireless phones.

31.     As a result of Defendant's conduct, class members have suffered damages in that they have been charged by their wireless phone carrier for minutes, time, or usage or their plans for minutes or data have been reduced by such calls made by Defendant.

32.     As a result of Defendant's conduct, class members have suffered a violation of their right to privacy, diminished battery life on their wireless phones, and had data storage on their wireless phones wasted.

## CLASS ALLEGATIONS

33.     Plaintiff brings this action pursuant to FRCP 23 as a class action on behalf of herself and on behalf of a Class defined as:

ALL PERSONS RESIDING IN THE UNITED STATES WHO RECEIVED A TELEMARKETING CALL ON THEIR WIRELESS PHONE, MADE USING A PRERECORDED VOICE OR AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANT WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

34.     Plaintiff and members of the Class received telemarketing calls to their wireless phones, made using a prerecorded voice or an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such calls, within the four years prior to the date of the filing of this Complaint, in violation of the TCPA.

35.     The requirements for maintaining this action as a class action under Rule 23 of the Federal Rules of Civil procedure are satisfied:

36.     **NUMEROSITY:**  It is impracticable to bring all members of the Class and the ("Class Members") before the Court.  Plaintiff estimates that there are thousands of Class Members, geographically spread throughout the United States, and that their identities can be ascertained from Defendant's books and records.  Attempting to join and name each Class Member as a Co-Plaintiff would be unreasonable and impracticable.

{8110/035/00591942.DOCX}

37.   **COMMONALITY:**   There is a well-defined commonality of interest in the questions of law and fact involving Class Members in that all Class Members received telemarketing calls, made using a prerecorded voice or an ATDS, to their wireless phones, from Defendants in violation of the TCPA.

38.   **PREDOMINANCE:**   There are questions of law and fact common to the Class Members, which are identical for each Class Member and which predominate over the questions affecting the individual Class Members, if any, which include:

a.   Whether Defendant violated the TCPA when using a prerecorded voice or an ATDS to make telemarketing calls to Class Members' wireless phones without express, written consent;

b.   Whether Defendant used a prerecorded voice message to make the calls;

c.   Whether Defendant used an ATDS to make the calls;

d.   Whether the calls were telemarketing calls;

e.   Whether the calls were made to Class Members' wireless phones;

f.   Whether the Class Members provided express, written consent to receive the calls;

g.   Whether Plaintiff and Class Members are entitled to damages under the TCPA;

h.   Whether Plaintiff and Class Members are entitled to treble damages under the TCPA; and

i.   Whether Plaintiff and Class Members are entitled to injunctive relief under the TCPA;

39.   **TYPICALITY:**   The claims of the Plaintiff are typical of the Class Members in that Plaintiff is informed and believes that each Class Member received a telemarketing call from Defendant, made using a prerecorded voice or an ATDS to their wireless phone without having provided express, written consent to Defendant.  Also, there is uniformity in the federal legislation prohibiting the practice complained of and providing statutory damages.  In this

action, Plaintiff and the Class Members seek an injunction prohibiting Defendant's using a prerecorded voice or an ATDS to make telemarketing calls to consumers' wireless phones without express, written consent; damages; attorney fees; and costs incurred in the prosecution of this action.

40.     **ADEQUACY:**  Plaintiff is willing to devote the time necessary to serve as representative of the Class and work with class counsel.  Plaintiff's attorneys are experienced and knowledgeable in class action litigation, and they will fairly and adequately represent the interests of the Class and have no interests antagonistic to the Class.

41.     **SUPERIORITY:**  There is no plain, speedy or adequate remedy other than maintenance of this class action since Plaintiff is informed and believes that a class action is superior to any other available means for the adjudication of this controversy.

42.     This action will cause an orderly and expeditious administration of the Class Members' claims.  A class action will save time, effort and expense, and will ensure uniformity of decisions at the lowest cost and with the least toll on judicial resources.

43.     Because the loss suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class Members to individually seek redress.  Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendant, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

44.     Hence, a class action is the only feasible means of recovery for the Class Members.  Furthermore, without a class action, Class Members will continue to suffer damages and Defendant will continue to violate federal law, retaining and reaping the proceeds of their wrongful marketing practices.

45.     **MANAGEABILITY:**  There are no manageability problems due to variations in state laws or choice of law provisions, because the TCPA applies to the claims of all the Class Members asserted herein.  Further, the evidence proving Defendant's violation of the

{8110/035/00591942.DOCX}

statutes is ascertainable through discovery.  The identities of the Class Members are known by Defendant, and damages can be calculated from Defendant's records.  Thus, this action poses no unusual difficulties that would impede its management by the Court as a class action.

## FIRST CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act 47 USC § 227 et seq.)

46.    Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

47.    Defendant used an ATDS to make telemarketing calls to the Class Members' wireless phones without express, written consent from the Class Members.

48.    By using an ATDS, Defendants were able to effectively send thousands of telemarketing calls to thousands of consumers' wireless phone numbers.

49.    Defendant's calls were made using an artificial prerecorded voice.  By using an ATDS and a prerecorded message, Defendant is able to simultaneously call thousands of wireless customers without any human intervention and at very little cost to Defendant.

50.    Upon information and belief, Defendant made the calls or had a high degree of involvement in the making of the calls.  For example, Defendants:

    a.    Knew that the calls were being made with an ATDS;

    b.    Knew the calls were being made using a prerecorded voice message;

    c.    Knew that the calls were telemarketing calls;

    d.    Knew that the calls were being made to Class Members' wireless phones;

    e.    Knew that the Class Members had not provided express, written consent to receive such calls;

    f.    Participated in preparing the content of the calls or messages;

    g.    Provided or obtained the wireless numbers of the Class Members; and

    h.    Received compensation for or a benefit from making such calls.

{8110/035/00591942.DOCX}

51.     As a result of Defendant's conduct, Plaintiff and the Class Members have suffered damages by being charged by their wireless phone carriers for the minutes, time, or usage or having minutes or data deducted from their plans, diminished battery life on their wireless phones, and had data storage on their wireless phones wasted.

52.     As a result of Defendant's conduct, Class Members have suffered a violation of their right to privacy.

53.     As a direct and proximate result of Defendant's conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief)**

54.     Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

55.     A genuine dispute exists between the parties regarding the Defendant's illegal calls to Plaintiff and Class Members.

56.     The interests of the parties are adverse.

57.     This Court should declare that based upon the Defendant's violation of federal law, that Plaintiff and Class Members are entitled to $500 damages per call, treble damages for each call, injunctive relief, attorney fees, and costs.

As a direct and proximate result of Defendant's conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1.     Certification of the Class;

{8110/035/00591942.DOCX}

CLASS ACTION COMPLAINT AND JURY DEMAND

2.      A Declaration that Defendants have violated the TCPA because it failed to obtain express, written consent to make the calls to Plaintiff or the Class Members;

3.      Judgment in the amount of $500 for Plaintiff and each member of the Class for statutory damages for each call received by them from Defendant;

4.      Judgment in the amount equal to three times the damages to Plaintiff and the Class Members under the TCPA;

5.      Extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendant will stop making the illegal calls;

6.      For an award of reasonable attorney fees and costs of suit; and

For any further relief as the Court deems to be just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to FRCP 38.


Dated this 23rd day of December, 2015.

By    /s/ Candice E. Renka
**MARQUIS AURBACH COFFING**
Candice E. Renka
California Bar No. 264375
10001 Park Run Drive
Las Vegas, Nevada  89145

**WANGER JONES HELSLEY, PC**
Patrick D. Toole, Esq.
California Bar No. 190118
Dylan J. Crosby, Esq.
California Bar No. 299536
265 E. River Park Circle, Suite 300
Fresno, CA 93729

Attorneys for Plaintiff

{8110/035/00591942.DOCX}
CLASS ACTION COMPLAINT AND JURY DEMAND